

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*  *(203)821-3700*
*157 Church Street, 25th Floor*  *Fax (203) 773-5376*
*New Haven, Connecticut 06510*  *www.justice.gov/usao/ct*

November 19, 2019

Craig Raabe, Esq.
VIA EMAIL

      Re:    United States v. Collegiate Entrepreneurs, Inc.
               Case No. Information

Dear Attorney Raabe:

      This letter confirms the plea agreement between your client, Collegiate Entrepreneurs, Inc. (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEAS AND OFFENSES

      In consideration for the benefits offered under this agreement, Collegiate Entrepreneurs, Inc. agrees to waive its right to be indicted and to plead guilty to a two-count information charging violations of 18 U.S.C. § 1519 and 15 U.S.C. §§ 2689 and 2615(b).

      The defendant understands that, to be guilty of these offenses, the following essential elements of the offenses must be satisfied:

<u>Count One</u>:

1. The defendant falsified or made a false entry in a record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of a department or agency of the United States; and
2. The defendant acted knowingly.

*Craig Raabe, Esq.*
*Page 2*

### Count Two:

1. The defendant failed or refused to comply with a rule issued under Subchapter IV of the Toxic Substances Control Act, 15 U.S.C. § 2681 et. seq., namely the Renovation, Repair and Painting Rule at 40 C.F.R. Part 745, Subpart E; and
2. The defendant acted knowingly or willfully.

## THE PENALTIES

### Fines and Probation

Count One:

Count One carries a maximum penalty of a $500,000 fine and five years of probation. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $500,000.

Count Two:

Counts Two carries a maximum penalty of a fine of $200,000 and five years of probation. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $25,000 for each day of violation; or (4) $200,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment on each count of conviction. For Count One the amount of the special assessment is $400. For Count Two, the special assessment is $125. The defendant agrees to pay the special assessments to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663. The defendant agrees to pay $30,000 in restitution to the victim of the corporate conduct described in Count Two, such restitution shall be paid within 30 days of the sentencing in this case. In addition to the victim of Count Two, the defendant agrees to pay restitution to other Connecticut victims who can establish a legally sufficient claims to the satisfaction of this Court as the result of improper removal of lead paint from their homes. The defendant does not concede the existence of any other restitution claims and reserves the right to contest any such claims that may be filed.

*Craig Raabe, Esq.*
*Page 3*

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after payment becomes due as described below. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that it has no right to withdraw its guilty plea if its sentence or the Guideline application is other than it anticipated.

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The parties agree that the applicable Sentencing Guidelines are found in U.S.S.G., Chapter 8. In following the application instructions outlined in U.S.S.G. § 8A1.2, the parties agree that in this case involving environmental crimes any criminal fine is governed by the generalized sentencing considerations outlined in U.S.S.G. § 8C2.10.

The parties agree that a fine of $50,000 and a term of probation of five years is reasonable in this case, with such fine being paid in equal annual installments beginning on the date of judgment and over the five-year term of probation. As provided in U.S.S.G. § 8B1.1(c), if the defendant is ordered to make restitution and to pay a fine, any money paid by the defendant

*Craig Raabe, Esq.*
*Page 4*

shall first be applied to satisfy the order of restitution. The defendant agrees that as a special condition that during its term of probation Collegiate Entrepreneurs Incorporated (CEI) will not conduct any work covered by the TSCA Renovation Repair & Painting Rule (RRP) and will not seek to renew its RRP firm certification.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

The defendant acknowledges and agrees that it is knowingly, intelligently, and voluntarily waiving the following rights:

Waiver of Right to Indictment

The defendant understands that it has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that it committed the offenses set forth in the information before an indictment could be returned. The defendant acknowledges that it is waiving its right to be indicted.

Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent it.

The defendant understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against it, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in its defense. The defendant understands that by pleading guilty it waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if it pleads guilty, the Court may ask it questions about each offense to which it pleads guilty, and if it answers those questions falsely under oath, on the record, and in the presence of counsel, its answers may later be used against it in a prosecution for perjury or making false statements.

*Craig Raabe, Esq.*
*Page 5*

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances it is entitled to challenge its conviction. By pleading guilty, the defendant waives its right to appeal or collaterally attack its conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims it might raise, the defendant waives its right to challenge its conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Cooperation

The defendant agrees to continue to cooperate truthfully and completely with the Government in its investigation of possible violations of federal and state law and in any trial or other proceeding arising out of the investigation of the conduct set forth in the Stipulation of Offense Conduct. In particular, the defendant understands and agrees that its cooperation obligations will require it to (i) provide access to original, non-privileged documents and records, and (ii) make reasonable efforts upon request and reasonable notice by the United States Attorney, to have defendant's directors, officers, and employees make themselves available for interviews by law enforcement agents and for attendance at legal and judicial proceedings, including grand jury sessions, trials, and other court hearings.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances it is entitled to challenge its conviction and sentence. The defendant agrees not to appeal or collaterally attack its conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will it pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed a fine of 50,000 and a five-year term of probation, even if the Court imposes such a sentence based on an analysis different from that specified above. The defendant acknowledges that it is knowingly and intelligently waiving these

*Craig Raabe, Esq.*
*Page 6*

rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that it is entering into this agreement and is pleading guilty freely and voluntarily because it is guilty. The defendant further acknowledges that it is entering into this agreement without reliance upon any discussions between the Government and it (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges its understanding of the nature of the offenses to which it is pleading guilty, including the penalties provided by law. The defendant also acknowledges its complete satisfaction with the representation and advice received from its undersigned attorney. The defendant and its undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to it with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving it.

## COLLATERAL CONSEQUENCES

The defendant understands that it will be adjudicated guilty of each offense to which it has pleaded guilty and may be deprived of certain rights. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which it is licensed, or with which it does business, of the fact of its conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of its violation of the Renovation, Repair and Painting Rule issued under the Toxic Substances Control Act, and its submission to the Government of false documents required to be maintained under that rule, which form the basis of the Information in this case.

The defendant understands that if, before sentencing, it violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the

*Craig Raabe, Esq.*
*Page 7*

Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw its guilty plea.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

RAY MILLER
ASSISTANT UNITED STATES ATTORNEY


The defendant certifies that it has read this plea agreement letter and its attachment(s) or has had it read or translated to it, that it has had ample time to discuss this agreement and its attachment(s) with counsel and that it fully understands and accepts its terms.

_____     11/19/19
Eric Crews                    Date
For the Corporate Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____     11-19-19
Craig Raabe, ESQ.             Date
Attorney for the Defendant

*Craig Raabe, Esq.*
*Page 8*

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the information:

Collegiate Entrepreneurs, Inc. LLC is a painting company that provides house painting services in Connecticut, Massachusetts, Rhode Island, Maine, New Hampshire and Vermont. Its principal place of business is located at 220 Forbes Road, Suite 108 in Braintree, Massachusetts.

Some of the houses painted by Collegiate Entrepreneurs in 2015 contained lead-based paint. For those jobs, Collegiate Entrepreneurs was subject to the lead-based paint requirements of the Toxic Substances Control Act, 15 U.S.C. §§2601, 2681-2692, and EPA's Renovation, Repair and Painting (RRP) Rule, 40 C.F.R Part 745, Subpart E.

Under the RRP Rule, Collegiate Entrepreneurs was required to ensure that its certified renovators complied with provisions governing training and supervision of painters, post-renovation cleaning, physical presence on-site, and preparation of required records. Collegiate Entrepreneurs knowingly failed to ensure such compliance by its renovators during the 2015 painting season.

Collegiate Entrepreneurs was also responsible for ensuring that all renovation activities were performed in compliance with RRP Rule work practice standards governing occupant protection, containment of the work area, prohibited and restricted practices, waste from renovations, cleanup of the work area, and post-renovation cleaning verification. Collegiate Entrepreneurs knowingly failed to ensure such compliance during the 2015 painting season.

On October 13, 2015, in response to a federal grand jury subpoena, an employee of Collegiate Entrepreneurs produced records for twelve painting jobs in Connecticut that involved lead-based paint. Included in the production were records that appeared to have been prepared and signed by certified renovators to document that RRP Rule work practice standards and training requirements had been met at each lead-paint job. Records for at least ten of the twelve jobs were false. The signatures of the certified renovators were forged and the records falsely represented that the jobs were performed in compliance with the RRP Rule, when in fact they were not. The government does not have evidence that Eric Crews either participated in the production of the false documents or knew of their existence.

As a material part of this plea agreement, Collegiate Entrepreneurs has represented to the government that it is no longer engaged and will not engage in projects that involve the remediation of lead paint and are subject to the TSCA Renovation Repair & Painting Rule (RRP) During the five-year term of probation, Collegiate Entrepreneurs Incorporated (CEI) will not

*Craig Raabe, Esq.*
*Page 9*

conduct any work covered by the TSCA Renovation Repair & Painting Rule (RRP) and will not seek to renew its RRP firm certification.

 This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
ERIC CREWS
For the Corporate Defendant

_____
RAY MILLER
ASSISTANT UNITED STATES ATTORNEY

_____
CRAIG RAABE, ESQ.
Attorney for the Defendant

*Craig Raabe, Esq.*
*Page 10*

## RIDER CONCERNING RESTITUTION

The Court may order that the defendant make restitution under 18 U.S.C. § 3663 as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A. Return the property to the owner of the property or someone designated by the owner; or

    B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court

*Craig Raabe, Esq.*
*Page 11*

may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.